ANTONIO VENUTO, APPELLEE, V. CARTER LAKE CLUB ET AL.,
APPELLANTS.

FILED JANUARY 19, 1921. No. 21766.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Affirmed on condition.*

*Carl E. Herring* and *Brome & Ramsey,* for appellants.

*Anson H. Bigelow, contra.*

DAY, J.

This case was before this court upon a former occasion,
being reported in 104 Neb. 782, wherein the facts out of
which the action arose may be found.

Upon the first trial in the district court, evidence was
taken bearing upon the issues tendered, and the court
found that under the evidence the claimant was not a de-
pendent within the meaning of the compensation act, and
reserved its decision upon the other issues. The plaintiff
appealed from the finding and judgment. Upon a review
of the record, this court held that the evidence was suffi-
cient to sustain a holding that the mother is a dependent,
and set aside the finding of the district court upon the
issues of support and dependency. In the opinion the
court anticipated the other issues in the case for the guid-
ance of the trial court, and remanded the case for further
proceedings. The plaintiff thereupon filed a motion for
finding and judgment upon the pleadings, the evidence
upon the former trial, and the rules of law governing the
case as determined by the supreme court. The defendants
also filed a motion for a rehearing of the entire case, and,
among other things, asked that defendants be given an
opportunity to take testimony in Italy showing that the
claimant was not a dependent, and the extent, if any, of
the contributions made to the claimant by the deceased.
The trial court sustained the plaintiff's motion and over-
ruled the defendants' motion.

The overruling of defendants' motion is the principal error now relied upon. We think the court did not err in its ruling. The decision of this court was decisive of the issues in the case. Whether the defendants should have been given time to investigate further, with the possible view of taking testimony in Italy upon the issue of the dependency of the claimant, was a matter largely resting within the discretion of the trial court. The showing made went only to the effect that the defendants desired to make an investigation of the condition of claimant, and take the testimony of the claimant, "and such other witnesses as may be able to furnish competent testimony material to the issues joined, and present the same to the court upon such rehearing." We are unable to say that there was an abuse of discretion in overruling the defendants' motion.

It is the policy of the law that cases arising under the provisions of the compensation act should be speedily determined. With that end in view, the usual time for making up the issues is not given. The law specially provides that such cases shall be advanced on the docket and determined as soon as possible. Under all the circumstances before us, as presented by the record, we are of the opinion that there was no error in the ruling of the court.

It now appears, however, that the trial court, through an oversight of counsel, computed the amount to be paid under the provisions of section 8, ch. 85, Laws 1917, whereas, it should have been computed under the provisions of section 3663, Rev. St. 1913, in force at the time the cause of action arose. By so doing the court made a weekly award in a greater sum than it should have done. If plaintiff files a remittitur of $2.50 a week in the judgment rendered, within ten days, the judgment and order of the district court will stand affirmed; otherwise, the case will be reversed and remanded, with directions to reduce the award $2.50 a week.

AFFIRMED ON CONDITION.

FLANSBURG, J., dissents.